**Mary Louise TAYLOR, Plaintiff,**

v.

**NATIONAL GROUP OF COMPANIES, INC., Defendant.**

**No. 3:89CV7009.**

United States District Court, N.D. Ohio, W.D.

Oct. 23, 1992.

Bruce Comly French, Lima, Ohio, for plaintiff.

Jerry Marshall Johnson, Hunt, Moritz, & Johnson, Lima, Ohio, Glenn E. Wasielewski, Manahan, Pietrykowski, Bamman & Delaney, Toledo, Ohio, for defendant.

ORDER

CARR, United States Magistrate Judge.

This is an employment discrimination case in which the plaintiff has filed a motion pursuant to Fed.R.Civ.P. 35(a) for an order directing that the defendant John West be required to submit to a mental examination. The defendant opposes the motion. For the reasons that follow, the motion shall be overruled.

The gravamen of plaintiff's motion is that because she has alleged that the defendant intentionally engaged in sexual harassment, his mental condition has been placed "in controversy," as that term is used in the rule. She is mistaken.

Although plaintiff must allege and prove that the defendant intentionally discriminated against her on the basis of her gender (i.e., committed acts of sexual harassment), the defendant is entitled, as he has, to deny those allegations (Doc. 58, para. 5, 10). Only if his answer, rather than her complaint, affirmatively raised the issue of his mental processes could the issue of his mental status be viewed as being in controversy. He has not raised that issue, and thus it is not in controversy.*

---

* Even if defendant's mental processes were "in controversy," I have serious reservations about the plaintiff's motion, which is premised, ultimately, on the anticipated admissibility of the psychological evaluation. There is nothing in plaintiff's motion that indicates an opinion of the sort that plaintiff expects to obtain would be

Plaintiff, in a display of skillful but unpersuasive argument, asserts some premises that are correct—discovery is to be liberally afforded in employment discrimination cases and plaintiffs have a difficult burden of proof, especially with regard to the issue of intent in such cases—but they are not pertinent to his request, which is to seek to impose the burden of a mental examination on a party that denies having committed the acts giving rise to this lawsuit.

In light of the foregoing, it is

ORDERED THAT the plaintiff's motion for an order that the defendant West submit to a mental examination be, and the same hereby is overruled.

So ordered.

admissible.  But that is an issue that need not    be decided now.